CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
OCT 03 2011
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LAURA A ENGLAND, | CASE NO. 7:10CV00569 |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | By: B. Waugh Crigler<br>U. S. Magistrate Judge |

This challenge to a final decision of the Commissioner which denied plaintiff's July 14, 2008 applications for widow's insurance benefits and supplemental security income is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision and DISMISSING this action from the docket of the court.

In a decision issued on March 24, 2010, an Administrative Law Judge ("Law Judge") found that plaintiff would meet the non-disability requirements for disabled widow's benefits through December 31, 2013. (R. 12.) The Law Judge further found that plaintiff had not engaged in substantial gainful activity since August 22, 2007, her alleged disability onset date. (*Id.*) The Law Judge determined that plaintiff's degenerative disc disease of the spine and

depression were severe impairments. (*Id.*) Even so, the Law Judge did not believe plaintiff had an impairment or combination of impairments which met or equaled a listed impairment. (R. 13.) The Law Judge found that plaintiff had the residual functional capacity ("RFC") to perform light work. (R. 15.) Specifically, he found that plaintiff could lift and carry twenty pounds occasionally and ten pounds frequently; stand/walk for six hours in an eight-hour period; and sit for six hours in an eight-hour period with breaks of ten to fifteen minutes every two hours. (*Id.*) She could occasionally bend, stoop and kneel; never crawl or climb, except for stairs occasionally; and should not be exposed to heights, automotive equipment, or dangerous machinery. (*Id.*) She would be limited to simple, repetitive tasks. (*Id.*) The Law Judge believed that the plaintiff's RFC precluded her from performing her past relevant work, but that other jobs existed in significant numbers in the national economy that she could perform. (R. 20.) Thus, the Law Judge ultimately determined that plaintiff was not disabled under the Act. (R. 21.)

Plaintiff appealed the Law Judge's March 24, 2010 decision to the Appeals Council. (R. 1-3.) The Appeals Council found no basis in the record or in the reasons advanced on appeal to review the decision, denied review, and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 1.) This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary

support. *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

In a brief filed in support of her motion for summary judgment, plaintiff argues that the Law Judge's RFC finding is not supported by substantial evidence.[1] (Pl's Brief, pp. 7-11.) Specifically, plaintiff contends that the Law Judge erred in giving only "some weight" to consultative examiner William Humphries, M.D., the only examining physician who assessed work-related limitations. (Pl's Brief, p. 8.) The undersigned disagrees and finds that the Law Judge's RFC finding is supported by substantial evidence

"Residual functional capacity" is defined as that which an individual remains able to do despite the limitations caused by the claimant's impairments. 20 C.F.R. §§ 404.1545(a), 416.945(a). The claimant's RFC is addressed at the fourth step in the sequential evaluation, where the burden of proof remains on the claimant. *Young v. Apfel*, 221 F.3d 1065, 1069 n. 5 (8th Cir. 2000); *see Pass v. Chater*, 65 F.3d 1200, 1203 (1995) (holding that the applicant bears the burden of production and proof during the first four steps of the inquiry).

Dr. Humphries conducted a consultative examination on plaintiff on October 13, 2009. (R. 319-329.) Plaintiff reported to the Dr. Humphries that she fell off a horse thirteen years ago and hurt her back, and as a result, her back was her "main problem." (R. 319.) Dr. Humphries diagnosed plaintiff as suffering with the following: tachycardia, unknown etiology, probably related to anxiety; chronic lumbar strain with DJD/DDD, lumbar spine; COPD, mild; DJD, mild, both hands and feet; peripheral neuropathy, intermittent, both upper extremities, unknown

---

[1] Plaintiff has not alleged that the RFC as it relates to her mental limitations is not supported by substantial evidence.

3

etiology; and possible DJD, mild, both knees. (R. 322.) The physician opined that paintiff would be limited to sitting for six hours in an eight-hour workday; standing and walking six hours in an eight-hour workday; and lifting twenty-five pounds occasionally and ten pounds frequently. (*Id.*) He further opined that she would be limited to occasional climbing, and no kneeling or crawling. (*Id.*) Dr. Humphries believed there would be no restriction on stooping or crouching, but that she should avoid heights, hazards, and fumes. (*Id.*)

The Law Judge determined that Dr. Humphries' October 13, 2009 assessment was entitled "some weight." (R. 20.) Specifically, he determined that it was entitled to weight to the extent it was consistent with his RFC finding. (*Id.*) As noted above, the Law Judge determined that, considering her physical impairments, plaintiff could perform a limited range of light work[2]. Specifically, he found plaintiff could lift and carry twenty pounds occasionally and ten pounds frequently; stand/walk for six hours in an eight-hour period; and sit for six hours in an eight-hour period with breaks of ten to fifteen minutes every two hours. (R. 15.) He further found that plaintiff could occasionally bend, stoop and kneel; never crawl or climb except for stairs occasionally; and should not be exposed to heights, automotive equipment, or dangerous machinery. (*Id.*)

Plaintiff has alleged that the Law Judge's RFC determination is not supported by substantial evidence because he failed to give proper weight to *all* of Dr. Humphries findings. In fact, the Law Judge accounted for Dr. Humphries' findings, but he was of the view that not all of Dr. Humphries' conclusions were supported by the record. The Law Judge's decision to not fully credit the evidence of this consultative examiner has substantial evidentiary support. For

---

[2] Light work involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects up to ten pounds. 20 C.F.R. §§ 404.1567(b), 416.927(b).

4

example, Dr. Humphries opined that plaintiff could sit or stand/walk only for thirty minutes at a time without interruption. (R. 325.) This is inconsistent with other parts of his medical assessment where he concluded that plaintiff did not need a cane to ambulate, had negative straight leg raising tests bilaterally, could bear weight on each leg, had normal strength in her four extremities, and had no specific motor or sensory loss in the lower extremities. (R. 320-321, 329.) As the Law Judge observed, "the paucity of clinical deficits" reported by this physician provides a substantial evidentiary basis for the Law judge's finding that plaintiff possessed the residual functional capacity for a limited range of light work. (R. 20.)

The opinions offered by the State agency record reviewing physicians also provide substantial evidentiary support for the Law Judge's RFC finding. On November 28, 2007, Robert McGuffin, M.D. evaluated plaintiff's medical records. (R. 201-207.) His assessment of plaintiff's physical limitations would permit her to perform medium exertional work.[3] (R. 202.) He further opined that plaintiff suffered no postural, manipulative, visual, communicative, or environmental limitations. (R. 203-204.) On April 4, 2008, Thomas Phillips, M.D. evaluated plaintiff's medical records. (R. 235-241.) His assessment of plaintiff's physical limitations essentially was identical to Dr. McGuffin's findings. The Law Judge actually gave plaintiff the benefit of the doubt and determined that these reports were entitled to "less weight" because more recent evidence revealed that she was limited to a greater degree than when the records were reviewed by Drs. McGuffin and Phillips. (R. 19.)

---

[3] Medium work involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objects up to twenty-five pounds. 20 C.F.R. §§ 404.1567(c), 416.967(c). If a claimant can perform medium exertional work, she can also perform light exertional work. *Id.*

5

Believing that the Law Judge's RFC finding is supported by substantial evidence, it is RECOMMENDED that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within fourteen days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(l)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to transmit a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: /s/ 
U.S. Magistrate Judge

Oct 3, 2011
Date