CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 16 2011

JULIA C. DUDLEY, CLERK
BY: /s/
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LAURA A. ENGLAND, | ) |
| | ) Civil Action No. 7:10-cv-569 |
| Plaintiff, | ) |
| | ) MEMORANDUM OPINION |
| v. | ) |
| | ) |
| MICHAEL J. ASTRUE, | ) By: Judge James C. Turk |
| Commissioner of Social Security, | ) |
| | ) Senior United States District Judge |
| Defendant. | ) |

Plaintiff Laura England ("England") brought this action for review of Defendant Michael J. Astrue's ("the Commissioner") final decision denying her claims for supplemental security income and disabled widow's benefits under the Social Security Act (the "Act"). The Court referred the matter to United States Magistrate Judge B. Waugh Crigler for a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge filed his Report and Recommendation, ultimately concluding that the Commissioner's decision was supported by substantial evidence. Plaintiff England timely filed objections to the Report and Recommendation. Having reviewed *de novo* the Report and Recommendation, the Plaintiff's objections thereto, and the pertinent portions of the record, the Court agrees with, and adopts in full, the Magistrate Judge's recommendation. Accordingly, Defendant's Motion for Summary Judgment is GRANTED and Plaintiff's Motion for Summary Judgment is DENIED.

I.     **Standard of Review**

When objections are made to the Magistrate Judge's decision on dispositive matters, this Court reviews the Report and Recommendation *de novo*. See 28 U.S.C. § 636(b)(1) (2006); Fed. R. Civ. Pro. 72(b)(3); *Orpiano v. Johnson*, 687 F.2d 44, at *48 (4th Cir. 1982). A court must determine whether the Commissioner's findings are supported by substantial evidence and

1

whether they were reached through the application of the correct legal standards. *See* 42 U.S.C. § 405(g) (2006); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Accordingly, a reviewing court may not substitute its judgment for that of the Commissioner, but instead must defer to the Commissioner's determinations if they are supported by substantial evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); 42 U.S.C. § 405(g). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is not a "large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 565 (1988), but it is "more than a mere scintilla of evidence [though] somewhat less than a preponderance," *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

## II. Discussion

The Magistrate Judge determined that substantial evidence supported the Administrative Law Judge's ("ALJ") conclusion that despite England's pain and functional limitations, the medical record failed to document the existence of any condition that would reasonably be expected to result in total disability from all forms of substantial gainful employment. England objected to the Magistrate Judge's conclusion. Specifically, England contends that the ALJ's decision was not supported by substantial evidence because the ALJ did not include all of the limitations discussed by the treating physician, Dr. Humphries, and as a result, the ALJ improperly formulated his own residual functional capacity ("RFC") finding[1] to deny Plaintiff's claim.

After conducting a *de novo* review of the record in this case, the Court adopts the Magistrate Judge's Report and Recommendation in full and finds that the ALJ's final decision is

---

[1] RFC is defined as that which an individual remains able to do despite the limitations caused by the claimant's impairments. 20 C.F.R. §§ 404.1545(a), 416.945(a).

2

supported by substantial evidence. In making this finding, the Court overrules England's objections to the Report and Recommendation. These objections are addressed in turn below.

A.    **The ALJ is Qualified to Assess Plaintiff's RFC**

England argues that the ALJ improperly determined her RFC, rather than relying on Dr. Humphries' assessment of her physical capabilities, because an ALJ is not qualified to render a medical opinion regarding the effect Plaintiff's impairments would have on her ability to work. Plaintiff's argument is incorrect as a matter of law. The final responsibility for determining a claimant's residual functional capacity ("RFC") is specifically reserved to the Commissioner. 20 C.F.R. §§ 404.1527(e); 416.927(e). *See also Colvard v. Charter*, No. 94-1457, 1995 WL 371620 (4th Cir. Jun. 21, 1995) ("The determination of a claimant's residual functioning capacity lies with the ALJ, not a physician, and is based upon all relevant evidence. 20 C.F.R. §§ 404.1545(a), 404.1546, 416.945(a), 416.946 (1994)."). Indeed, the determination of Plaintiff's RFC is not a medical opinion, but rather it is an administrative finding. 20 C.F.R. § 416.927(e). In this case, the ALJ did not render a medical opinion, but rather assessed the record evidence – including medical records, the medical source opinions and reports of Dr. Humphries and the State Agency reviewing physicians, and the Plaintiff's own allegations and descriptions of her limitations – and made an RFC determination, an administrative finding that the ALJ is expressly allowed to make by regulation. Indeed, had the ALJ simply relied on Dr. Humphries determination of Plaintiff's RFC, as Plaintiff argues was proper, the ALJ's actions would have contradicted Social Security Ruling ("SSR") 96-5p, which states "treating source opinions on issues that are reserved to the Commissioner are *never* entitled to controlling weight or special significance" because doing so "would be an abdication of the Commissioner's statutory responsibility...." Therefore, the ALJ properly made Plaintiff's RFC determination.

B.    **The ALJ Properly Afforded Dr. Humphries' Opinion "Some Weight"**

3

England contends that the ALJ erred in not including all of the limitations found by Dr. Humphries in his RFC conclusion. She asserts that the opinions by non-examining physicians, in this case the State Agency reviewing physicians, should be accorded less weight than Dr. Humphries' report and opinion, who was the only physician to personally examine England. In support of her position, England argues that the report of a non-examining, non-treating physician should be discounted and is not substantial evidence when contradicted by all other evidence in the record, *Milner v. Schweiker,* 725 F.2d. 243, 245 (4th Cir. 1984), and points to the differences between the State Agency reviewing physicians' conclusions and those of Dr. Humphries. After a *de novo* review of the record, this Court finds that the ALJ's decision to accord "some weight" to Dr. Humphries' opinion was supported by substantial evidence.

Plaintiff's argument does not overcome the general standard that in order to be given weight *any* medical evidence must be well supported and be consistent with the other record evidence. *See Hines v. Barnhart*, 453 F.3d 559, 563 (4th Cir. 2006) (noting that two of the criteria the Commissioner must consider when evaluating and weighing medical opinions are "the supportability of the physician's opinion" and "the consistency of the opinion with the record"). If an opinion is not supported by the medical evidence or is otherwise inconsistent with the record it may be given "significantly less weight." *Craig v. Charter*, 76 F.3d 585, 590 (4th Cir. 1996).

As an initial matter, the Court notes that the ALJ gave the opinions of the State Agency reviewing physicians "less weight" because "new evidence show[ed] that the claimant is somewhat more limited than determined by these consultants." (R. 19). Second, the ALJ considered Dr. Humphries' assessment to the extent that Dr. Humphries' findings were supported by the record medical evidence. For example, Dr. Humphries opined that Plaintiff

could sit or stand/walk for only thirty minutes at a time without interruption. (R. 325). This statement, however, is inconsistent with other parts of Dr. Humphries medical assessment where he concluded that Plaintiff had normal strength in her four extremities, had no specific motor or sensory loss in the lower extremities, and could sit or walk for six hours in an eight-hour workday. (R. 321–322). Therefore, the ALJ did not err in affording weight to only those parts of Dr. Humphries' assessments that were consistent with his overall medical assessment and the objective medical evidence of record.

### C. Substantial Evidence Supports the ALJ's RFC Determination and Conclusion that Plaintiff Can Perform Light Work

The ALJ's determination of Plaintiff's RFC is consistent with the record evidence. Specifically, the Court notes the fact that Plaintiff's treatment for her back pain, her main complaint, has been routine and conservative in nature. (R. 225, 298, 302). Plaintiff did not report current use of physical therapy, massage, a TENS Unit, or the use of medication to relieve symptoms. (R. 179, 184). The ALJ noted that the Plaintiff had no observable physical manifestations of pain such as weight loss, muscular atrophy, muscular spasms, use of an assistive device, or prolonged bed rest. (R. 18). Furthermore, the ALJ's assessment is largely consistent with Dr. Humphries' opinion as to Plaintiff's physical abilities. (R. 319–329). The ALJ determined that England could "lift and carry 20 pounds occasionally and 10 pounds frequently, stand/walk for 6 hours in an 8-hour period, and sit for 6 hours in an 8-hour period with breaks of 10 to 15 minutes every 2 hours." (R. 15). Dr. Humphries report states, "the examinee would be limited to sitting 6 hours in an 8-hour workday, to standing and walking 6 hours in an 8-hour workday, to lifting 25 lbs occasionally and 10 lbs frequently." Furthermore, because light work involves lifting no more than twenty pounds at a time with frequent lifting or

carrying of objects up to ten pounds, 20 C.F.R. §§ 404.1567(b), 416.927(b), it was proper for the ALJ to conclude that Plaintiff's RFC allowed her to perform light work. Therefore, the ALJ's RFC determination and conclusion that Plaintiff could perform a range of light work was supported by substantial evidence.

### III. Conclusion

After a *de novo* review of the record, this Court finds that the ALJ's decision was supported by substantial evidence and that the ALJ applied the correct legal standards. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation in full and overrules England's objections. An appropriate order shall this day issue.

The Clerk is directed to send copies of this Memorandum Opinion and accompanying Order to all counsel of record.

ENTER:   This 16th day of November, 2011

*/s/ James C. Turk*
Hon. James C. Turk
Senior United States District Judge